IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02575-WYD-KLM

KRISTIN MCINTOSH,

      Plaintiff,

v.

1575 BOULDER STREET, LLC, a Colorado limited liability company doing business as
Lola, and
RESURRECTION PROPERTIES, LLC, a Colorado limited liability company,

      Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave of the Court to Amend the Complaint and Incorporated Memorandum of Law** [Docket No. 18; Filed January 8, 2013] (the "Motion").  Plaintiff represents that Defendant 1575 Boulder Street LLC d/b/a Lola does not oppose the Motion and Defendant Resurrection Properties LLC opposes the Motion.  Defendants have not responded to the Motion.  The Scheduling Order [#25; Entered January 22, 2013] governing this case provides that the deadline for joinder of parties and amendment of pleadings was March 11, 2013.  *Scheduling Order* [#20] at 5 § 9(a).  Accordingly, Plaintiff's Motion was timely filed.

The Court has discretion to grant a party leave to amend her pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason –

such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend her complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

After carefully reviewing Plaintiff's original Complaint [#1] and proposed Amended Complaint [#18-1], the Court agrees with Plaintiff that the proposed amendment is an effort "to clarify standing and issues of law, and to remove Count II of the complaint." *Motion* [#18] at 1. The proposed amendment eliminates one claim and does not add any new claims. Accordingly, the Court finds that Defendants will not be prejudiced by allowing the filing of the Amended Complaint. Moreover, this case is still in its early stages, and Defendants have ample time to prepare their defenses. The deadline for the completion of discovery is still more than three months away, and the deadline for filing dispositive motions is August 20, 2013. *Scheduling Order* [#25] at 5 §§ 9(b) and (c).

The Court also finds that Plaintiff has demonstrated good cause for amending her original Complaint [#1]. The modifications to the Complaint are limited. They clarify the allegations and issues in dispute. In these circumstances, "[i]t is eminently reasonable to allow Plaintiff to timely amend the Complaint so as to better describe [her] claims." *Alpern Myers Stuart LLC v. Hartford Casualty Ins. Co.*, No. 11-cv-00176-CMA-KLM, Docket No.

22 at 2 (D. Colo. Jun. 30, 2011) (unpublished order) (quotation omitted).  Permitting such

amendment will benefit the parties and the Court by clarifying the issues in the case.  For

the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#18] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's

Amended Complaint [#18-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to

the Amended Complaint on or before **April 19, 2013**.

Dated:  April 5, 2013